UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD TYLER FRAZER,

    Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

No. C08-5172RBL

ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This matter is before the court on the Defendants' Motion to Dismiss [Dkt. #34], and on the Plaintiff's Motion for Summary Judgment [ Dkt. #36]. At issue is the liability of the United States Patent and Trademark Office and four of its employees for their alleged negligence and other failures in prosecuting a patent application filed by the Plaintiff.

Defendants seek Dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that the USPTO and its employees cannot be sued under the Federal Tort Claims Act, 28 U.S.C.A. §2671 *et seq*. Defendants argue that that Act does not waive the sovereign immunity of the United States and its agencies and employees in engaging in discretionary functions, like processing a patent application.

The FTCA's limited waiver of sovereign immunity does not apply to "any claim based on an act or omission of an employee of the Government based upon the exercise or performance or the failure to

ORDER - 1

exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government." See 28 U.S.C.A. §2680(a). Defendants argue that the core allegations of Plaintiff's complaint – that the USPTO and its employees were negligent in processing his patent application – fall squarely into this "discretionary function" exception to the FTCA.

Plaintiff does not rebut or address this argument in his Response to the Defendants Motion (which is combined with his own Motion for Summary Judgement). Plaintiff instead recites his version of the facts and outlines the negligence he claims occurred. [Dkt. # 36]. Nothing in this recitation suggests that the acts and omissions complained of were anything but discretionary functions.

The Defendants' Motion to Dismiss for lack of subject matter jurisdiction [Dkt. # 34] is therefore GRANTED. Plaintiff's Motion for Summary Judgment is therefore DENIED. All other pending Motions are DENIED as moot. Plaintiff's complaint is DISMISSED.

IT IS SO ORDERED.

DATED this 3rd day of September, 2008.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER 2